# MEMORANDUM

# CASE NOT REPORTED IN FULL.

LEWIS A. BURGESS, as Administrator, etc., of CAROLINE A. BURGESS, Deceased, Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Evidence — stipulation that testimony taken in another action may be read — construction of it — the answer of a witness to a question as to his motive in testifying, may be contradicted by further proof offered by the party asking the question.*

Appeal from a judgment, entered upon a verdict in favor of plaintiff for $3,500 at the Onondaga Circuit, January, 1884, and from an order denying a motion for a new trial made upon the minutes.

The action was brought to recover damages for the death of Caroline A. Burgess, caused, as the plaintiff alleges, by the negligence of defendant at its crossing on Genesee street, in the village of Geddes, Onondaga county, on the 14th October, 1882. The defendant denied any negligence on its part, and alleged contributory negligence on the part of the deceased and of the driver of the carriage in which the deceased was riding.

The court at General Term, after considering other objections, said: " Upon the trial much of the evidence given was read from the minutes of the trial of Malonee, administrator, etc., against the same defendant, under a stipulation which read as follows: It is hereby stipulated and agreed that upon the trial of the above entitled actions either party may read from the stenographer's minutes in the case of *Joseph D. Malonee, as administrator of Grace Lee Malonee, etc.,* v. *The New York Central and Hudson River Railroad Company,* the testimony of any and all witnesses who testified upon said trial, either party reserving the privilege of recalling and swearing any of said witnesses, and to produce and examine additional witnesses.

" The trial court held that no objections could be taken to testimony read under the stipulation, that were not taken upon the Malonee trial; that photographs, proved by the evidence of a wit-

ness that was read and offered in evidence at the former trial, were admissible; that the plaintiff could omit to read the entire evidence of a witness for the plaintiff on the former trial; that the plaintiff, having read the direct-examination of a witness, could also read the cross-examination, as the defendant did not read it. It is claimed that in these rulings the court erred. We think not. The stipulation was absolute that either party might read the testimony of any witness. There was no reservation of any right to further object or to strike out. The actions were about the same accident and the stipulation assumes that the testimony, as given in one case, was material in the other, and that the record was in proper form. The right to recall the witnesses or produce others was reserved. If any right to change the record was desired, it should have been so stated. It was not made obligatory upon either party to call any particular witness or to call all. Neither party was limited to the direct or to the cross-examination. The entire testimony of any witness could be read by either party. The photographs that were received in evidence were made and verified by the witness whose evidence was read, and were substantially a part of his evidence and were in fact produced.   *   *   *

" A witness for defendant was asked, upon his cross-examination, whether, in reference to his being a witness in the case, he had said, at a certain time and place, that he proposed to wait and see where he could make the most, or whether, at a certain other time and place, he had sent word to Malonee that when this case came on he would be absent from the trial for an inducement. These statements the witness having denied, the plaintiff was allowed to prove them over the objection that the plaintiff was bound by the answer of the witness. This evidence was admissible under the general rule taht a witness' answers as to motives in regard to the particular transaction in controversy may be contradicted." (Wharton's Ev., § 561; *People* v. *Thompson,* 41 N. Y., 6.)

*W. G. Tracy,* for the appellant.

*Louis Marshall,* for the respondent.

Opinion by MERWIN, J.; HARDIN, P. J., and FOLLETT, J., concurred.

Judgment and order affirmed.